UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH LEON PLUMMER, | ) | CASE NO. ED CV 11-01392 DMG (RZ) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER SUMMARILY DISMISSING HABEAS PETITION AS DISGUISED AND SUCCESSIVE § 2255 MOTION |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

    The Court will dismiss this putative 28 U.S.C. § 2241 habeas petition summarily because the face of the petition indicates that it is a disguised motion under 28 U.S.C. § 2255. Petitioner asserts challenges to his federal criminal conviction and/or sentence that may only be asserted in the sentencing court, the Western District of Texas, pursuant to § 2255. Petitioner expressly states that he has sought the Fifth Circuit's permission, as is required by law, to file a successive § 2255 motion in the sentencing court, but that the Fifth Circuit denied permission. His current resort to asserting the same challenges here, having relabeled them as a putative § 2241 petition, is improper.

///

///

///

# I.
# BACKGROUND

Petitioner Joseph Leon Plummer is a federal prisoner housed in Adelanto, in this judicial district. In 2006, a federal jury in the Western District of Texas convicted him of firearms offenses. Based in part on Petitioner's prior criminal record, United States District Judge Walter S. Smith sentenced Petitioner to 300 months in prison. *See* docket in *United States v. Plummer*, No. 6:05-CR-00218-WSS-1 (W.D. Tex.). Petitioner appealed. The Fifth Circuit affirmed. 225 Fed.Appx. 318 (5th Cir. 2007).

In January 2008, Petitioner returned to the trial court with a § 2255 motion. Judge Smith denied it on August 8, 2008. *See* docket in *United States v. Plummer*, No. 6:05-CR-00218-WSS-1 (W.D. Tex.).

In October 2008, the Fifth Circuit issued a decision in another case, *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008), that Petitioner believes supports a new challenge to his own conviction and/or sentence. Some three years after *Constante*, Petitioner sought the legally-required permission from the Fifth Circuit to present another § 2255 motion to Judge Smith, but the Fifth Circuit rejected that motion one month ago on August 3, 2011. *See docket* in *In re Plummer*, No. 11-50557 (5th Cir. Aug. 3, 2011).

Petitioner now turns to this Court with the same challenge that he wanted to present in the trial court, having re-labeled as § 2241 habeas petition.

# II.
# DISCUSSION

28 U.S.C. § 2255 generally provides the sole procedural mechanism by which a federal prisoner may test the legality of his detention. *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). That section bars courts from entertaining most habeas petitions where "it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief[.]" In light of this rule, the statute on its face appears to bar the present action. Section 2255 itself permits resort to

a 28 U.S.C. § 2241 petition when a § 2255 motion is "inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255. This clause is sometimes referred to as the "escape hatch" to § 2255's exclusivity provision. *Lorentsen*, 223 F.3d at 953.

Only rarely is § 2255's escape hatch available. A § 2255 motion cannot be viewed as "inadequate" merely because the sentencing court has denied relief on the merits. *Id*. Any contrary ruling would nullify the statute's gatekeeping provisions, and Congress then would have accomplished little in its attempts to limit federal collateral review in passing laws such as the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Triestman v. United States*, 124 F.3d 361, 374-76 (2nd Cir. 1997) (discussing Congressional intent to narrow collateral attacks).

"Along with many of our sister circuits," the Ninth Circuit has explained,

> we have held that a § 2241 petition is available under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim.

*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (collecting cases).[1]

---

[1] Those courts which have found that a § 2255 motion would be "ineffective" or "inadequate" have done so when, due to unusual circumstances, the absence of any avenue for collateral review would raise serious constitutional questions. An example is the series of cases arising in the wake of *Bailey v. United States*, 516 U.S. 137, 116 S.Ct.501, 133 L.Ed.2d 472 (1995). *See Sustache-Rivera v. United States*, 221 F.3d 8, 16 n.13 (1st Cir. 2000) ("The case law has come from the courts of appeals in the context of determining when the savings clause should apply, mainly in the wake of *Bailey*.").

In *Bailey*, the Supreme Court held that a defendant charged with "using" a firearm in violation of 18 U.S.C. § 924(c) cannot be convicted on that charge unless he actively employed the weapon. 516 U.S. at 150. Prior to *Bailey*, many circuits upheld convictions under 18 U.S.C. § 924(c) upon a showing of something less than "active employment" of the firearm. The Ninth Circuit, for example, affirmed convictions under § 924(c) upon a showing of mere possession. *United States v. Torres-Rodriguez,* 930 F.2d 1375, 1385 (9th Cir. 1991), *abrogated by Bailey, supra*. Following *Bailey*, many prisoners who already had filed unsuccessful, pre-*Bailey* § 2255

Here, opening the "escape hatch" is unwarranted. Petitioner has had an unobstructed procedural shot at obtaining relief. Contrary to his assertions here, *see* Pet. at 3, the mere fact that Petitioner missed that shot – that is, the fact that the Fifth Circuit denied his motion seeking leave to present a successive 28 U.S.C. § 2255 motion in the trial court – does not somehow render the prior proceedings "inadequate or ineffective" for purposes of allowing a § 2241 "escape hatch" petition.

## III.
## CONCLUSION

For the foregoing reasons, the action is DISMISSED without prejudice to Petitioner's pursuit of relief in the Western District of Texas, the Fifth Circuit or the Supreme Court.

DATED: October 17, 2011

*Dolly M. Gee*

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

motions filed § 2241 petitions seeking to overturn their convictions. A few courts have allowed those prisoners to proceed on their § 2241 petitions on the grounds that these prisoners could not have raised their claims of innocence in an effective fashion at an earlier time, and that serious due process questions would arise if Congress were to close off all avenues of redress in such cases. *See, e.g., Triestman, supra,* 1124 F.3d at 379; *In re Hanserd,* 123 F.3d 922, 929-930 (6th Cir. 1997); *In re Dorsainvil,* 119 F.3d 245, 251 (3rd Cir. 1997); *United States v. Lorentsen,* 106 F.3d 278, 279 (9th Cir. 1997).
    One such avenue for redress is a motion to correct the sentence under 28 U.S.C. § 2255, solely in the sentencing court. A successive motion under § 2255 may be entertained only based on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255. Claims under *Bailey* cannot form the basis of a successive § 2255 motion because *Bailey* construed a statute, not the Constitution. Therefore, some courts have held, the escape hatch opens, because a serious due process concern would arise if no mechanism exists to adjudicate the claim. *See United States v. Brooks,* 230 F.3d 643, 647-48 (3rd Cir. 2000) (collecting cases).